**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCISCO DIVISION**

FEDERAL TRADE COMMISSION,

    Plaintiff,

      v.

GM UNIVERSEAPPS LTD., also d/b/a UNIVERSE GROUP, a Cyprus limited company, et al.,

    Defendants.

Case No. 26-cv-05232

**EX PARTE TEMPORARY RESTRAINING ORDER AS MODIFIED WITH ASSET FREEZE AND OTHER EQUITABLE RELIEF, AND ORDER TO SHOW CAUSE WHY A PRELIMINARY INJUNCTION SHOULD NOT ISSUE**

**(Filed Under Seal)**

Plaintiff, the Federal Trade Commission ("FTC"), has filed its Complaint for Permanent Injunction, Monetary Judgment, and Other Relief pursuant to Sections 13(b) and 19 of the Federal Trade Commission Act ("FTC Act"), 15 U.S.C. §§ 53(b) and 57b, and Section 5 of the Restore Online Shoppers' Confidence Act ("ROSCA"), 15 U.S.C. § 8404, and has moved, pursuant to Federal Rule of Civil Procedure 65(b), for a temporary restraining order, asset freeze, and other equitable relief, and an order to show cause why a preliminary injunction should not issue against Defendants. Corporate Defendants and Individual Defendants.

**FINDINGS OF FACT**

The Court, having considered the Complaint, Plaintiffs' *ex parte* Application for Temporary Restraining Order with Asset Freeze and Other Equitable Relief, and Order to Show Cause Why a Preliminary Injunction Should Not Issue ("TRO Motion"), declarations, exhibits, and the memorandum of points and authorities filed in support thereof, and being otherwise advised, finds that:

A.      The Court has jurisdiction over the subject matter of this case, and there is good cause to believe that it will have jurisdiction over all parties hereto and that venue in this district is proper.

B.      There is good cause to believe that, in numerous instances, Defendants have violated the FTC Act and ROSCA. Specifically, there is good cause to believe that Defendants have (1) failed to disclose, or to disclose adequately to consumers, material terms and conditions in their offers, including that Defendants will enroll consumers in a recurring subscription upon payment; that consumers must cancel their subscription within a certain time, often at least 24 hours before the end of the trial period, to avoid recurring charges; the cost of recurring charges; and the terms of Defendants' refund policies; (2) charged consumers without their authorization, including by charging consumers for undisclosed subscriptions, double charging consumers for the same purchase, or charging consumers for unauthorized add-on purchases, causing substantial injury to consumers that consumers cannot reasonably avoid and that is not outweighed by countervailing benefits to consumers or competition; (3) in connection with charging consumers for goods or services sold in transactions effected on the Internet through a negative option feature, failed to clearly and conspicuously disclose all material terms of the transaction, including that Defendants will automatically enroll consumers in a continuity plan with additional charges, the amount of the additional charges, and the frequency and timing of recurring charges, before obtaining the consumer's billing information, (4) in connection with charging consumers for goods or services sold in transactions effected on the Internet through a negative option feature, failed to obtain the consumer's express informed consent before charging the consumer's credit card, debit card, bank account, or other financial account; and (5) in connection with charging consumers for goods or services sold in transactions effected on the Internet through a negative option feature, failed to provide simple mechanisms to stop recurring charges from being placed on the consumer's credit card, debit card, bank account, or other financial account.

There is good cause to believe that Defendants GM UniverseApps Ltd., also d/b/a Universe Group; Koflimin Ltd.; Growthmind Labs Ltd.; Lopofist Ltd.; GuruDocs Ltd.; Bramol

*EX PARTE* TEMPORARY RESTRAINING ORDER AS MODIFIED
CASE NO. 26-cv-05232                                2

Ltd.; VPN MobApps Ltd.; Evertech Inc.; Obrio Ltd.; GM Unicorn Corp. Ltd.; Spiritual Nebula Ltd.; Yolo Brothers Inc.; AmoMedia Ltd., also d/b/a AMO; Amoapps Ltd.; AmoApp Inc.; Vladimir Mnogoletny a/k/a Vladimir Mnogoletniy and Volodymyr Mnoholietnii; Vasily Ulianov a/k/a Vasiliy Ulyanov and Vasili Ulyanov; Stamatis Skianis; Oksana Kucher; Iryna Oleksyn; Olga Garbuzenko; Rostyslav Ivanitsa; and Viktoriia Savchuk have engaged in and are likely to engage in acts or practices that violate Section 5(a) of the FTC Act, and ROSCA, and that Plaintiff is therefore likely to prevail on the merits of this action. As demonstrated by consumer and investigator declarations, and the additional documentation filed by Plaintiff, Plaintiff has established a likelihood of success in showing that Defendants failed to disclose or disclose adequately to consumers material terms of transactions, charged consumers without their authorization, and failed to provide consumers with a simple method to stop recurring charges.

C.     There is good cause to believe that immediate and irreparable harm will result from Defendants' ongoing violations of Section 5(a) of the FTC Act, and ROSCA, unless Defendants are restrained and enjoined by order of this Court.

D.     There is good cause to believe that immediate and irreparable damage to the Court's ability to grant effective final relief for consumers—including monetary restitution, rescission, or refunds—will occur from the sale, transfer, destruction or other disposition or concealment by Defendants of their assets or records, unless Defendants are immediately restrained and enjoined by order of this Court; and that, in accordance with Fed. R. Civ. P. 65(b) and Local Rule 65-1, the interests of justice require that this Order be granted without prior notice to Defendants. Thus, there is good cause for relieving Plaintiff of the duty to provide Defendants with prior notice of the TRO Motion.

E.     Good cause exists for issuing this Order, freezing Defendants' assets, and permitting Plaintiff to take expedited discovery.

F.     Weighing the equities and considering Plaintiff's likelihood of ultimate success on the merits, a temporary restraining order with an asset freeze, expedited discovery, and other equitable relief is in the public interest.

*EX PARTE* TEMPORARY RESTRAINING ORDER AS MODIFIED
CASE NO. 26-cv-05232                                    3

G.      This Court has authority to issue this Order pursuant to Section 13(b) and 19 of the FTC Act, 15 U.S.C. § 53(b) and 57b; Federal Rule of Civil Procedure 65; and the All Writs Act, 28 U.S.C. § 1651.

H.      The FTC is an agency of the United States. No security is required of any agency of the United States for issuance of a temporary restraining order. Fed. R. Civ. P. 65(c).

## DEFINITIONS

For the purpose of this Order, the following definitions apply:

A.      "**Billing Information**" means any data that enables any person to access a consumer's account, such as a credit card, checking, savings, share or similar account, utility bill, mortgage loan account, or debit card.

B.      "**Charge,**" "**Charged,**" or "**Charging**" means any attempt to collect money or other consideration from a consumer, including but not limited to causing Billing Information to be submitted for payment, including against the consumer's credit card, debit card, bank account, telephone bill, or other account.

C.      "**Clear(ly) and Conspicuous(ly)**" means that a required disclosure is easily noticeable (i.e., difficult to miss) and easily understandable by reasonable consumers, including in all of the following ways:

1.      In any communication that is solely visual or solely audible, the disclosure must be made through the same means through which the communication is presented. In any communication made through both visual and audible means, such as a television advertisement, the disclosure must be presented simultaneously in both the visual and audible portions of the communication even if the representation requiring the disclosure is made in only one means.

2.      A visual disclosure, by its size, contrast, location, the length of time it appears, and other characteristics, must stand out from any accompanying text or other visual elements so that it is easily noticed, read, and understood.

*EX PARTE* TEMPORARY RESTRAINING ORDER AS MODIFIED
CASE NO. 26-cv-05232                    4

3.      An audible disclosure, including by telephone or streaming video, must be delivered in a volume, speed, and cadence sufficient for reasonable consumers to easily hear and understand it.

4.      In any communication using an Interactive Electronic Medium, such as the Internet, mobile application, or software, the disclosure must be unavoidable.

5.      The disclosure must use diction and syntax understandable to reasonable consumers and must appear in each language in which the representation that requires the disclosure appears.

6.      The disclosure must comply with these requirements in each medium through which it is received, including all electronic devices and face-to-face communications.

7.      The disclosure must not be contradicted or mitigated by, or inconsistent with, anything else in the communication.

8.      When the representation or sales practice targets a specific audience, such as children, older adults, or the terminally ill, "reasonable consumers" includes members of that group.

D.      "**Collaborative Work Environment**" means any platform, application, product, or system used to communicate, or to create, edit, review, approve, store, organize, share, and access Documents, communications, and information by and among users, including Microsoft SharePoint sites, cloud storage systems (e.g., Google Drive, OneDrive, Dropbox), eRooms, document management systems (e.g., iManage), intranets, chat (e.g., Slack), web content management systems (e.g., Drupal), wikis (e.g., Confluence), work tracking software (e.g., Jira), version control systems (e.g., Github), and blogs.

E.      "**Corporate Defendants**" means GM UniverseApps Ltd., also d/b/a Universe Group; Koflimin Ltd.; Growthmind Labs Ltd.; Lopofist Ltd.; GuruDocs Ltd.; Bramol Ltd.; VPN

*EX PARTE* TEMPORARY RESTRAINING ORDER AS MODIFIED
CASE NO. 26-cv-05232                    5

MobApps Ltd.; Evertech Inc.; Obrio Ltd.; GM Unicorn Corp. Ltd.; Spiritual Nebula Ltd.; Yolo Brothers Inc.; AmoMedia Ltd., also d/b/a AMO; Amoapps Ltd.; and AmoApp Inc., and each of their subsidiaries, affiliates, successors, and assigns.

F.    "**Defendant(s)**" means Corporate Defendants, and Individual Defendants, individually, collectively, or in any combination.

G.    "**Document**" is synonymous in meaning and equal in scope to the usage of "document" and "electronically stored information" in Federal Rule of Civil Procedure 34(a), and includes the complete original, including all attachments and copies of all hyperlinked materials (other than hyperlinks to publicly accessible websites), all drafts or prior versions, and any non-identical copy, whether different from the original because of notations on the copy, different metadata, or otherwise, of any item covered by Federal Rule of Civil Procedure 34(a)(1)(A), including chats, instant messages, text messages, direct messages, information stored on or sent through social media accounts or messaging or other applications (e.g., Microsoft Teams, Slack), information contained in, hyperlinked to, or sent through Collaborative Work Environments, and information on all devices (including employee-owned devices) used for Defendant-related activity. This includes writings, drawings, graphs, charts, photographs, sound and video recordings, images, Internet sites, web pages, websites, electronic correspondence, contracts, accounting data, advertisements, FTP Logs, Server Access Logs, books, written or printed records, handwritten notes, telephone logs, telephone scripts, receipt books, ledgers, personal and business canceled checks and check registers, bank statements, appointment books, computer records, customer or sales databases and any other electronically stored information, including Documents located on remote servers or cloud computing systems, and other data or data compilations from which information can be obtained directly or, if necessary, after translation into a reasonably usable form.

H.    "**Electronic Data Host**" means any person or entity in the business of storing, hosting, or otherwise maintaining electronically stored information. This includes, but is not limited to, any entity hosting a website or server, and any entity providing "cloud based" electronic storage.

*EX PARTE* TEMPORARY RESTRAINING ORDER AS MODIFIED
CASE NO. 26-cv-05232                6

I.      "**Individual Defendant(s)**" means Vladimir Mnogoletny a/k/a Vladimir Mnogoletniy and Volodymyr Mnoholietnii; Vasily Ulianov a/k/a Vasiliy Ulyanov and Vasili Ulyanov; Stamatis Skianis; Oksana Kucher; Iryna Oleksyn; Olga Garbuzenko; Rostyslav Ivanitsa; and Viktoriia Savchuk, individually, collectively, or in any combination.

J.      "**Negative Option Feature**" is a provision of a contract under which the consumer's silence or failure to take affirmative action to reject a good or service or to cancel the agreement is interpreted by Defendants as acceptance or continuing acceptance of the offer, including, but not limited to: an automatic renewal; a continuity plan; a free-to-pay conversion or fee-to-pay conversion; or a pre-notification negative option plan.

## ORDER

### I.      PROHIBITED BUSINESS ACTIVITIES

IT IS ORDERED that Defendants, Defendants' officers, agents, employees, and attorneys, and all other persons in active concert or participation with them, who receive actual notice of this Order by personal service or otherwise, whether acting directly or indirectly, in connection with the advertising, marketing, promoting, or offering for sale of any goods or services, are temporarily restrained and enjoined from:

A.      Failing to Clearly and Conspicuously disclose all material terms of a transaction;

B.      Failing to obtain the consumer's express informed consent before Charging the consumer's credit card, debit card, bank account, or other financial account; and

C.      Failing to provide simple mechanisms to stop recurring Charges from being placed on the consumer's credit card, debit card, bank account, or other financial account.

### II.      PROHIBITION ON RELEASE OF CUSTOMER INFORMATION

IT IS FURTHER ORDERED that Defendants, Defendants' officers, agents, employees, and attorneys, and all other persons in active concert or participation with any of them, who receive actual notice of this Order, whether acting directly or indirectly, are hereby temporarily restrained and enjoined from disclosing, using, or benefitting from customer information, including the name, address, telephone number, email address, Social Security number, Taxpayer Identification Number, other identifying information, or any data that enables access to a

customer's account (including a credit card, bank account, or other financial account), that any Defendant obtained in connection with any activity that pertains to the subject matter of this Order.

*Provided, however*, that Defendants may disclose such identifying information to a law enforcement agency, to their attorneys as required for their defense, as required by any law, regulation, or court order, or in any filings, pleadings or discovery in this action in the manner required by the Federal Rules of Civil Procedure and by any protective order in the case.

## III.   ASSET FREEZE

IT IS FURTHER ORDERED that Defendants and their officers, agents, employees, and attorneys, and all other persons in active concert or participation with any of them, who receive actual notice of this Order, whether acting directly or indirectly, are hereby temporarily restrained and enjoined from:

A.      Transferring, liquidating, converting, encumbering, pledging, loaning, selling, concealing, dissipating, disbursing, assigning, relinquishing, spending, withdrawing, granting a lien or security interest or other interest in, or otherwise disposing of any assets that are:

       1)      owned or controlled, directly or indirectly, by any Defendant;

       2)      held, in part or in whole, for the benefit of any Defendant;

       3)      in the actual or constructive possession of any Defendant; or

       4)      owned or controlled by, in the actual or constructive possession of, or otherwise held for the benefit of, any corporation, partnership, asset protection trust, or other entity that is directly or indirectly owned, managed or controlled by any Defendant.

B.      Opening or causing to be opened any safe deposit boxes, commercial mail boxes, or storage facilities titled in the name of any Defendant or subject to access by any Defendant.

C.      Incurring charges or cash advances on any credit, debit, or ATM card issued in the name, individually or jointly, of any Corporate Defendant or any corporation, partnership, or other entity directly or indirectly owned, managed, or controlled by any Defendant or of which any Defendant is an officer, director, member, or manager. This includes any corporate bankcard

*EX PARTE* TEMPORARY RESTRAINING ORDER AS MODIFIED
CASE NO. 26-cv-05232                                    8

or corporate credit card account for which any Defendant is, or was on the date that this Order was signed, an authorized signor.

D.    Cashing any checks or depositing any money orders or cash received from consumers, clients, or customers of any Defendant.

The assets affected by this Section include: (1) all assets of Defendants as of the time this Order is entered; and (2) assets obtained by Defendants after this Order is entered if those assets are derived from any activity that is the subject of the Complaint in this matter or that is prohibited by this Order. This Section does not prohibit the repatriation of foreign assets specifically required by this Order.

## IV.    DUTIES OF ASSET HOLDERS AND OTHER THIRD PARTIES

IT IS FURTHER ORDERED that any financial or brokerage institution, Electronic Data Host, credit card processor, payment processor, merchant bank, acquiring bank, independent sales organization, third party processor, payment gateway, insurance company, business entity, or person who receives actual notice of this Order (by service or otherwise) that:

a)    has held, controlled, or maintained custody, through an account or otherwise, of any Document on behalf of any Defendant or any asset that has been: owned or controlled, directly or indirectly, by any Defendant; held, in part or in whole, for the benefit of any Defendant; in the actual or constructive possession of any Defendant; or owned or controlled by, in the actual or constructive possession of, or otherwise held for the benefit of, any corporation, partnership, asset protection trust, or other entity that is directly or indirectly owned, managed or controlled by any Defendant;

b)    has held, controlled, or maintained custody, through an account or otherwise, of any Document or asset associated with credits, debits, or Charges made on behalf of any Defendant, including reserve funds held by payment processors, credit card processors, merchant banks, acquiring banks, independent sales organizations, third party processors, payment gateways, insurance companies, or other entities;

c)    has extended credit to any Defendant, including through a credit card account;

*EX PARTE* TEMPORARY RESTRAINING ORDER AS MODIFIED
CASE NO. 26-cv-05232                    9

must:

A. Hold, preserve, and retain within its control and prohibit the withdrawal, removal, alteration, assignment, transfer, pledge, encumbrance, disbursement, dissipation, relinquishment, conversion, sale, or other disposal of any such Document or asset, as well as all Documents or other property related to such assets, except by further order of this Court; *provided, however*, that this provision does not prohibit an Individual Defendant from incurring charges on a personal credit card established prior to entry of this Order, up to the pre-existing credit limit.

B. Deny any person access to any safe deposit box, commercial mail box, or storage facility that is titled in the name of any Defendant, either individually or jointly, or otherwise subject to access by any Defendant.

C. Provide Plaintiff's counsel, within three (3) days of receiving a copy of this Order, a sworn statement setting forth, for each asset or account covered by this Section:

    1) The identification number of each such account or asset;

    2) The balance of each such account, or a description of the nature and value of each such asset as of the close of business on the day on which this Order is served, and, if the account or other asset has been closed or removed, the date closed or removed, the total funds removed in order to close the account, and the name of the person or entity to whom such account or other asset was remitted; and

    3) The identification of any safe deposit box, commercial mail box, or storage facility that is either titled in the name, individually or jointly, of any Defendant, or is otherwise subject to access by any Defendant.

D. Upon the request of Plaintiff's counsel, promptly provide Plaintiff's counsel with copies of all records or other Documents pertaining to each account or asset covered by this Section, including originals or copies of account applications, account statements, signature cards, checks, drafts, deposit tickets, transfers to and from the accounts, including wire transfers and wire transfer instructions, all other debit and credit instruments or slips, currency transaction

reports, 1099 forms, and all logs and records pertaining to safe deposit boxes, commercial mail boxes, and storage facilities.

*Provided, however*, that this Section does not prohibit the repatriation of foreign assets specifically required by this Order.

## V.   FINANCIAL DISCLOSURES

IT IS FURTHER ORDERED that each Defendant, within five (5) days of service of this Order upon them, must prepare and deliver to Plaintiff's counsel completed financial statements on the forms attached to this Order as Attachment A (Financial Statement of Individual Defendant) for each Individual Defendant, and Attachment B (Financial Statement of Corporate Defendant) for each Corporate Defendant.

## VI.   FOREIGN ASSET REPATRIATION

IT IS FURTHER ORDERED that within five (5) days following the service of this Order, each Defendant must:

A.      Provide Plaintiff's counsel with a full accounting, verified under oath and accurate as of the date of this Order, of all assets, Documents, and accounts outside of the United States which are: (1) titled in the name, individually or jointly, of any Defendant; (2) held by any person or entity for the benefit of any Defendant or for the benefit of, any corporation, partnership, asset protection trust, or other entity that is directly or indirectly owned, managed or controlled by any Defendant; or (3) under the direct or indirect control, whether jointly or singly, of any Defendant.

B.      Take all steps necessary to provide Plaintiff's counsel access to all Documents and records that may be held by third parties located outside of the territorial United States of America, including signing the Consent to Release of Financial Records appended to this Order as Attachment C.

C.      Transfer to the territory of the United States all Documents and assets located in foreign countries which are: (1) titled in the name, individually or jointly, of any Defendant; (2) held by any person or entity for the benefit of any Defendant or for the benefit of, any corporation, partnership, asset protection trust, or other entity that is directly or indirectly owned,

*EX PARTE* TEMPORARY RESTRAINING ORDER AS MODIFIED
CASE NO. 26-cv-05232                                11

managed or controlled by any Defendant; or (3) under the direct or indirect control, whether jointly or singly, of any Defendant.

D.      The same business day as any repatriation, (1) notify counsel for Plaintiff of the name and location of the financial institution or other entity that is the recipient of such Documents or assets; and (2) serve this Order on any such financial institution or other entity.

## VII.    NON-INTERFERENCE WITH REPATRIATION

IT IS FURTHER ORDERED that Defendants, Defendants' officers, agents, employees, and attorneys, and all other persons in active concert or participation with any of them, who receive actual notice of this Order, whether acting directly or indirectly, are hereby temporarily restrained and enjoined from taking any action, directly or indirectly, which may result in the encumbrance or dissipation of foreign assets, or in the hindrance of the repatriation required by this Order, including, but not limited to:

A.      Sending any communication or engaging in any other act, directly or indirectly, that results in a determination by a foreign trustee or other entity that a "duress" event has occurred under the terms of a foreign trust agreement until such time that all Defendants' assets have been fully repatriated pursuant to this Order.

B.      Notifying any trustee, protector, or other agent of any foreign trust or other related entities of either the existence of this Order, or of the fact that repatriation is required pursuant to a court order, until such time that all Defendants' assets have been fully repatriated pursuant to this Order.

## VIII.    CONSUMER CREDIT REPORTS

IT IS FURTHER ORDERED that Plaintiff may obtain credit reports concerning any Defendant pursuant to Section 604(a)(1) of the Fair Credit Reporting Act, 15 U.S.C. § 1681b(a)(1), and that, upon written request, any credit reporting agency from which such reports are requested must provide them to Plaintiff.

## IX.    PRESERVATION OF RECORDS

IT IS FURTHER ORDERED that Defendants, Defendants' officers, agents, employees, and attorneys, and all other persons in active concert or participation with any of them, who

*EX PARTE* TEMPORARY RESTRAINING ORDER AS MODIFIED
CASE NO. 26-cv-05232                        12

receive actual notice of this Order, whether acting directly or indirectly, are hereby temporarily restrained and enjoined from:

A. Destroying, erasing, falsifying, writing over, mutilating, concealing, altering, transferring, or otherwise disposing of, in any manner, directly or indirectly, Documents that relate to:

    1) the business, business practices, assets, or business or personal finances of any Defendant;

    2) the business practices or finances of entities directly or indirectly under the control of any Defendant; or

    3) the business practices or finances of entities directly or indirectly under common control with any other Defendant.

B. Failing to create and maintain Documents that, in reasonable detail, accurately, fairly, and completely reflect Defendants' incomes, disbursements, transactions, and use of Defendants' assets.

## X. REPORT OF NEW BUSINESS ACTIVITY

IT IS FURTHER ORDERED that Defendants, Defendants' officers, agents, employees, and attorneys, and all other persons in active concert or participation with any of them, who receive actual notice of this Order, whether acting directly or indirectly, are hereby temporarily restrained and enjoined from creating, operating, or exercising any control over any business entity, whether newly formed or previously inactive, including any partnership, limited partnership, joint venture, sole proprietorship, or corporation, without first providing Plaintiff's counsel with a written statement disclosing:

    1) the name of the business entity;

    2) the address and telephone number of the business entity;

    3) the names of the business entity's officers, directors, principals, managers, and employees; and

    4) a detailed description of the business entity's intended activities.

*EX PARTE* TEMPORARY RESTRAINING ORDER AS MODIFIED
CASE NO. 26-cv-05232                    13

## XI.    DISTRIBUTION OF ORDER BY DEFENDANTS

IT IS FURTHER ORDERED that Defendants must immediately provide a copy of this Order to each affiliate, marketer, sales entity, successor, assign, member, officer, director, employee, agent, independent contractor, client, attorney, spouse, subsidiary, division, and representative of any Defendant, and must, within ten (10) days from the date of entry of this Order, and provide Plaintiff with a sworn statement that this provision of the Order has been satisfied, which statement must include the names, physical addresses, phone number, and email addresses of each such person or entity who received a copy of the Order. Furthermore, Defendants must not take any action that would encourage officers, agents, members, directors, employees, salespersons, independent contractors, attorneys, subsidiaries, affiliates, successors, assigns or other persons or entities in active concert or participation with them to disregard this Order or believe that they are not bound by its provisions.

## XII.    EXPEDITED DISCOVERY

IT IS FURTHER ORDERED that, notwithstanding the provisions of the Fed. R. Civ. P. 26(d) and (f) and 30(a)(2)(A)(iii), and pursuant to Fed. R. Civ. P. 30(a), 33, 34, and 45, Plaintiff is granted leave, at any time after service of this Order, to conduct limited expedited discovery for the purpose of discovering:

 1) the nature, location, status, and extent of Defendants' assets;

 2) the nature, location, status, and extent of Defendants' business transactions and operations;

 3) Documents reflecting Defendants' business transactions and operations;

 4) Defendants' substantiation, if any, for health or wellness claims made in connection with marketing Wisey, Harna, MadMuscles, Unimeal, or any similar product or service; or

 5) compliance with this Order.

The limited expedited discovery set forth in this Section will proceed as follows:

A. Plaintiff may take the deposition of parties and non-parties. Forty-eight (48) hours' notice is sufficient notice for such depositions. The limitations and conditions set forth in

*EX PARTE* TEMPORARY RESTRAINING ORDER AS MODIFIED
CASE NO. 26-cv-05232     14

Fed. R. Civ. P. 30(a)(2)(A) and 31(a)(2)(A) regarding subsequent depositions of an individual do not apply to depositions taken pursuant to this Section. Any such deposition taken pursuant to this Section will not be counted towards the deposition limit set forth in Rules 30(a)(2)(A) and 31(a)(2)(A) and depositions may be taken by telephone or other remote electronic means.

B.      Plaintiff may serve upon parties requests for production of Documents or inspection that require production or inspection within five (5) days of service, provided, however, that three (3) days of notice will be deemed sufficient for the production of any such Documents that are maintained or stored only in an electronic format.

C.      Plaintiff may serve upon parties interrogatories that require response within five (5) days after Plaintiff serves such interrogatories.

D.      Plaintiff may serve subpoenas upon non-parties that direct production or inspection within five (5) days of service.

E.      Service of discovery upon a party to this action, taken pursuant to this Section, is sufficient if made by facsimile, email, or by overnight delivery.

F.      Any expedited discovery taken pursuant to this Section is in addition to, and is not subject to, the limits on discovery set forth in the Federal Rules of Civil Procedure and the Local Rules of this Court. The expedited discovery permitted by this Section does not require a meeting or conference of the parties, pursuant to Fed. R. Civ. P. 26(d) & (f).

G.      The Parties are exempted from making initial disclosures under Fed. R. Civ. P. 26(a)(1) until further order of this Court.

## XIII.   SERVICE OF THIS ORDER

IT IS FURTHER ORDERED that copies of this Order as well as the TRO Motion and all other pleadings, Documents, and exhibits filed contemporaneously with the TRO Motion (other than the complaint and summons), may be served by any means, including facsimile transmission, electronic mail or other electronic messaging, personal or overnight delivery, U.S. Mail or FedEx, by agents and employees of Plaintiff, by any law enforcement agency, or by private process server, upon any Defendant or any person (including any financial institution) that may have possession, custody or control of any asset or Document of any Defendant, or that

*EX PARTE* **TEMPORARY RESTRAINING ORDER AS MODIFIED**
**CASE NO. 26-cv-05232**                    15

may be subject to any provision of this Order pursuant to Fed. R. Civ. P. 65(d)(2). For purposes of this Section, service upon any branch, subsidiary, affiliate or office of any entity will effect service upon the entire entity.

## XIV.   CORRESPONDENCE AND SERVICE ON PLAINTIFF

IT IS FURTHER ORDERED that, for the purpose of this Order, all correspondence and service of pleadings on Plaintiff must be addressed to:

> Alyssa J. Wu and Shining J. Hsu
> Federal Trade Commission
> 90 Seventh St., Suite 14-300
> San Francisco, CA 94103
> (415) 848-5100 / awu1@ftc.gov
> (415) 848-5191 / shsu1@ftc.gov
>
> Joshua A. Doan
> Federal Trade Commission
> 600 Pennsylvania Ave., NW, GAO-5K21
> Washington, DC 20580
> (202) 326-3187 / jdoan@ftc.gov

## XV.   PRELIMINARY INJUNCTION HEARING

IT IS FURTHER ORDERED that, pursuant to Fed. R. Civ. P. 65(b), Defendants must appear before this Court on the eighteenth (18th) day of June, 2026, at 2:00 p.m. in Oakland, Courtroom 2, 4th Floor before Judge Haywood S. Gilliam, Jr., to show cause, if there is any, why this Court should not enter a preliminary injunction, pending final ruling on the Complaint against Defendants, enjoining the violations of the law alleged in the Complaint, continuing the freeze of their assets, and imposing such additional relief as may be appropriate.

## XVI.   BRIEFS AND AFFIDAVITS CONCERNING PRELIMINARY INJUNCTION

IT IS FURTHER ORDERED THAT:

A.     Defendants must file with the Court and serve on Plaintiff's counsel any answering pleadings, affidavits, motions, expert reports or declarations, or legal memoranda no later than four (4) days prior to the order to show cause hearing scheduled pursuant to this Order. Plaintiff may file responsive or supplemental pleadings, materials, affidavits, or memoranda with the Court and serve the same on counsel for Defendants no later than one (1) day prior to the

*EX PARTE* TEMPORARY RESTRAINING ORDER AS MODIFIED
CASE NO. 26-cv-05232                    16

order to show Cause hearing. Provided that such affidavits, pleadings, motions, expert reports, declarations, legal memoranda or oppositions must be served by personal or overnight delivery, facsimile or email, and be received by the other party or parties no later than 5:00 p.m. (Pacific Time) on the appropriate dates set forth in this Section.

B.    An evidentiary hearing on Plaintiff's request for a preliminary injunction is not necessary unless Defendants demonstrate that they have, and intend to introduce, evidence that raises a genuine and material factual issue. The question of whether this Court should enter a preliminary injunction may be resolved on the pleadings, declarations, exhibits, and memoranda filed by, and oral argument of, the parties. Live testimony may be heard only on further order of this Court. Any motion to permit such testimony must be filed with the Court and served on counsel for the other parties at least five (5) days prior to the preliminary injunction hearing in this matter. Such motion must set forth the name, address, and telephone number of each proposed witness, a detailed summary or affidavit revealing the substance of each proposed witness's expected testimony, and an explanation of why the taking of live testimony would be helpful to this Court. Any papers opposing a timely motion to present live testimony or to present live testimony in response to another party's timely motion to present live testimony must be filed with this Court and served on the other parties at least three (3) days prior to the order to show cause hearing.

*Provided, however*, that service must be performed by personal or overnight delivery, facsimile or email, and Documents must be delivered so that they are received by the other parties no later than 5:00 p.m. (Pacific Time) on the appropriate dates provided in this Section.

## XVII.    DURATION OF THE ORDER

IT IS FURTHER ORDERED that this Order expires fourteen (14) days from the date of entry noted below, unless within such time, the Order is extended for an additional period pursuant to Fed. R. Civ. P. 65(b)(2).

*EX PARTE* TEMPORARY RESTRAINING ORDER AS MODIFIED
CASE NO. 26-cv-05232                                     17

## XVIII.   RETENTION OF JURISDICTION

IT IS FURTHER ORDERED that this Court retains jurisdiction of this matter for all purposes.

It is so ordered:

_____
United States District Judge

Dated: June 4, 2026

*EX PARTE* **TEMPORARY RESTRAINING ORDER AS MODIFIED**
**CASE NO. 26-cv-05232**                18