**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
OAKLAND DIVISION**

| | |
|---|---|
| FEDERAL TRADE COMMISSION, | |
| Plaintiff, | Case No. 26-cv-05232-HSG |
| v. | |
| **GM UNIVERSEAPPS LTD.,** also d/b/a **UNIVERSE GROUP**, a Cyprus limited company, et al., | **STIPULATED PRELIMINARY INJUNCTION AS TO DEFENDANTS GROWTHMIND LABS LTD., GURUDOCS LTD., EVERTECH INC., YOLO BROTHERS INC., AMOAPP INC., OKSANA KUCHER, IRYNA OLEKSYN, OLGA GARBUZENKO, ROSTYSLAV IVANITSA, AND VIKTORIIA SAVCHUK** |
| Defendants. | |

Plaintiff, the Federal Trade Commission ("FTC" or "Plaintiff"), filed its Complaint for Permanent Injunction, Monetary Judgment, and Other Relief pursuant to Sections 13(b) and 19 of the Federal Trade Commission Act ("FTC Act"), 15 U.S.C. §§ 53(b) and 57b, and Section 5 of the Restore Online Shoppers' Confidence Act ("ROSCA"), 15 U.S.C. § 8404, and simultaneously filed its Motion, pursuant to Federal Rule of Civil Procedure 65(b), for an *Ex Parte* Temporary Restraining Order, Asset Freeze, and Other Equitable Relief, and an Order to Show Cause Why a Preliminary Injunction Should Not Issue Against All Defendants ("TRO Motion," Dkt. 8). On June 4, 2026, the Court granted the TRO Motion and entered its *Ex Parte* Temporary Restraining Order as Modified with Asset Freeze and Other Equitable Relief, and

**STIPULATED PRELIMINARY INJUNCTION**
**CASE NO. 26-cv-05232-HSG**

Order to Show Cause Why a Preliminary Injunction Should Not Issue ("TRO," Dkt. 9).[1] On June 18, the Court ruled from the bench that the TRO would be extended in all respects for an additional two weeks, until July 2, and the Court memorialized that ruling in its June 22 Minute Entry (Dkt. 26).

Now, the FTC and Defendants Growthmind Labs Ltd., Gurudocs Ltd., Evertech Inc., Yolo Brothers Inc., AmoApp Inc., Oksana Kucher, Iryna Oleksyn, Olga Garbuzenko, Rostyslav Ivanitsa, and Viktoriia Savchuk, by and through their undersigned counsel, have stipulated and agreed to the entry of a preliminary injunction ("Order"), to remain in effect until the final resolution of the matter, with the following findings of fact and order provisions:

## FINDINGS OF FACT

By stipulation of the parties hereto, the Court finds:

A.    This Court has jurisdiction over the subject matter of this case, and there is good cause to believe that it will have jurisdiction over all parties hereto and that venue in this district is proper.

B.    The FTC asserts that there is good cause to believe that Defendants have engaged in and are likely to engage in acts or practices that violate Section 5(a) of the FTC Act, and ROSCA, and that the FTC is therefore likely to prevail on the merits of this action.

C.    The FTC asserts that there is good cause to believe that immediate and irreparable harm will result from Defendants' ongoing violations of Section 5(a) of the FTC Act, and ROSCA, unless Defendants are restrained and enjoined by order of this Court.

D.    The FTC asserts that good cause exists for issuing this Order, continuing to freeze Defendants' assets, and permitting the FTC to complete expedited discovery.

E.    This Order is in the public interest.

---

[1] The FTC's Complaint names the following Defendants, all of whom are subject to the Court's Temporary Restraining Order: GM UniverseApps Ltd., also d/b/a Universe Group; Koflimin Ltd.; Growthmind Labs Ltd.; Lopofist Ltd.; GuruDocs Ltd.; Bramol Ltd.; VPN MobApps Ltd.; Evertech Inc.; Obrio Ltd.; GM Unicorn Corp. Ltd.; Spiritual Nebula Ltd.; Yolo Brothers Inc.; AmoMedia Ltd., also d/b/a AMO; Amoapps Ltd.; AmoApp Inc.; Vladimir Mnogoletny a/k/a Vladimir Mnogoletniy and Volodymyr Mnoholietnii; Vasily Ulianov a/k/a Vasiliy Ulyanov and Vasili Ulyanov; Stamatis Skianis; Oksana Kucher; Iryna Oleksyn; Olga Garbuzenko; Rostyslav Ivanitsa; and Viktoriia Savchuk.

**STIPULATED PRELIMINARY INJUNCTION**
**CASE NO. 26-cv-05232-HSG**                    -2-

F.      This Court has authority to issue this Order pursuant to Section 13(b) and 19 of the FTC Act, 15 U.S.C. § 53(b) and 57b; Federal Rule of Civil Procedure 65; and the All Writs Act, 28 U.S.C. § 1651.

G.      The FTC is an agency of the United States. No security is required of any agency of the United States for issuance of a preliminary injunction. Fed. R. Civ. P. 65(c).

### DEFINITIONS

For the purpose of this Order, the following definitions apply:

A.      "**Billing Information**" means any data that enables any person to access a consumer's account, such as a credit card, checking, savings, share or similar account, utility bill, mortgage loan account, or debit card.

B.      "**Charge,**" "**Charged,**" or "**Charging**" means any attempt to collect money or other consideration from a consumer, including but not limited to causing Billing Information to be submitted for payment, including against the consumer's credit card, debit card, bank account, telephone bill, or other account.

C.      "**Clear(ly) and Conspicuous(ly)**" means that a required disclosure is easily noticeable (i.e., difficult to miss) and easily understandable by reasonable consumers, including in all of the following ways:

1.      In any communication that is solely visual or solely audible, the disclosure must be made through the same means through which the communication is presented. In any communication made through both visual and audible means, such as a television advertisement, the disclosure must be presented simultaneously in both the visual and audible portions of the communication even if the representation requiring the disclosure is made in only one means.

2.      A visual disclosure, by its size, contrast, location, the length of time it appears, and other characteristics, must stand out from any accompanying text or other visual elements so that it is easily noticed, read, and understood.

**STIPULATED PRELIMINARY INJUNCTION**
**CASE NO. 26-cv-05232-HSG**                    -3-

3.	An audible disclosure, including by telephone or streaming video, must be delivered in a volume, speed, and cadence sufficient for reasonable consumers to easily hear and understand it.

4.	In any communication using an Interactive Electronic Medium, such as the Internet, mobile application, or software, the disclosure must be unavoidable.

5.	The disclosure must use diction and syntax understandable to reasonable consumers and must appear in each language in which the representation that requires the disclosure appears.

6.	The disclosure must comply with these requirements in each medium through which it is received, including all electronic devices and face-to-face communications.

7.	The disclosure must not be contradicted or mitigated by, or inconsistent with, anything else in the communication.

8.	When the representation or sales practice targets a specific audience, such as children, older adults, or the terminally ill, "reasonable consumers" includes members of that group.

D.	"**Collaborative Work Environment**" means any platform, application, product, or system used to communicate, or to create, edit, review, approve, store, organize, share, and access Documents, communications, and information by and among users, including Microsoft SharePoint sites, cloud storage systems (e.g., Google Drive, OneDrive, Dropbox), eRooms, document management systems (e.g., iManage), intranets, chat (e.g., Slack), web content management systems (e.g., Drupal), wikis (e.g., Confluence), work tracking software (e.g., Jira), version control systems (e.g., Github), and blogs.

E.	"**Document**" is synonymous in meaning and equal in scope to the usage of "document" and "electronically stored information" in Federal Rule of Civil Procedure 34(a),

and includes the complete original, including all attachments and copies of all hyperlinked materials (other than hyperlinks to publicly accessible websites), all drafts or prior versions, and any non-identical copy, whether different from the original because of notations on the copy, different metadata, or otherwise, of any item covered by Federal Rule of Civil Procedure 34(a)(1)(A), including chats, instant messages, text messages, direct messages, information stored on or sent through social media accounts or messaging or other applications (e.g., Microsoft Teams, Slack), information contained in, hyperlinked to, or sent through Collaborative Work Environments, and information on all devices (including employee-owned devices) used for Defendant-related activity. This includes writings, drawings, graphs, charts, photographs, sound and video recordings, images, Internet sites, web pages, websites, electronic correspondence, contracts, accounting data, advertisements, FTP Logs, Server Access Logs, books, written or printed records, handwritten notes, telephone logs, telephone scripts, receipt books, ledgers, personal and business canceled checks and check registers, bank statements, appointment books, computer records, customer or sales databases and any other electronically stored information, including Documents located on remote servers or cloud computing systems, and other data or data compilations from which information can be obtained directly or, if necessary, after translation into a reasonably usable form.

F.      "**Electronic Data Host**" means any person or entity in the business of storing, hosting, or otherwise maintaining electronically stored information. This includes, but is not limited to, any entity hosting a website or server, and any entity providing "cloud based" electronic storage.

G.      "**Negative Option Feature**" is a provision of a contract under which the consumer's silence or failure to take affirmative action to reject a good or service or to cancel the agreement is interpreted by Stipulating Defendants as acceptance or continuing acceptance of the offer, including, but not limited to: an automatic renewal; a continuity plan; a free-to-pay conversion or fee-to-pay conversion; or a pre-notification negative option plan.

**H.**    "**Stipulating Defendant(s)**" means Stipulating Corporate Defendants and Stipulating Individual Defendants, individually, collectively, or in any combination.

**I.**    "**Stipulating Corporate Defendant(s)**" means Growthmind Labs Ltd.; GuruDocs Ltd.; Evertech Inc.; Yolo Brothers Inc.; and AmoApp Inc., and each of their subsidiaries, affiliates, successors, and assigns.

**J.**    "**Stipulating Individual Defendant(s)**" means Oksana Kucher, Iryna Oleksyn, Olga Garbuzenko, Rostyslav Ivanitsa, and Viktoriia Savchuk, individually, collectively, or in any combination.

## ORDER

### I.    PROHIBITED BUSINESS ACTIVITIES

IT IS THEREFORE ORDERED that Stipulating Defendants, Stipulating Defendants' officers, agents, employees, and attorneys, and all other persons in active concert or participation with them, who receive actual notice of this Order by personal service or otherwise, whether acting directly or indirectly, in connection with the advertising, marketing, promoting, or offering for sale of any goods or services, are restrained and enjoined from:

A.    Failing to Clearly and Conspicuously disclose all material terms of a transaction;

B.    Failing to obtain the consumer's express informed consent before Charging the consumer's credit card, debit card, bank account, or other financial account; and

C.    Failing to provide simple mechanisms to stop recurring Charges from being placed on the consumer's credit card, debit card, bank account, or other financial account.

### II.    PROHIBITION ON RELEASE OF CUSTOMER INFORMATION

IT IS FURTHER ORDERED that Stipulating Defendants, Stipulating Defendants' officers, agents, employees, and attorneys, and all other persons in active concert or participation with any of them, who receive actual notice of this Order, whether acting directly or indirectly, are hereby restrained and enjoined from disclosing, using, or benefitting from customer information, including the name, address, telephone number, email address, Social Security number, Taxpayer Identification Number, other identifying information, or any data that enables

**STIPULATED PRELIMINARY INJUNCTION**
**CASE NO. 26-cv-05232-HSG**                    -6-

access to a customer's account (including a credit card, bank account, or other financial account), that any Stipulating Defendant obtained in connection with any activity that pertains to the subject matter of this Order.

*Provided, however*, that Stipulating Defendants may disclose such identifying information to a law enforcement agency, to their attorneys as required for their defense, as required by any law, regulation, or court order, or in any filings, pleadings or discovery in this action in the manner required by the Federal Rules of Civil Procedure and by any protective order in the case.

## III.  ASSET FREEZE

IT IS FURTHER ORDERED that Stipulating Defendants and their officers, agents, employees, and attorneys, and all other persons in active concert or participation with any of them, who receive actual notice of this Order, whether acting directly or indirectly, are hereby restrained and enjoined from:

A.    Transferring, liquidating, converting, encumbering, pledging, loaning, selling, concealing, dissipating, disbursing, assigning, relinquishing, spending, withdrawing, granting a lien or security interest or other interest in, or otherwise disposing of any assets that are:

1.    owned or controlled, directly or indirectly, by any Stipulating Defendant;

2.    held, in part or in whole, for the benefit of any Stipulating Defendant;

3.    in the actual or constructive possession of any Stipulating Defendant; or

4.    owned or controlled by, in the actual or constructive possession of, or otherwise held for the benefit of, any corporation, partnership, asset protection trust, or other entity that is directly or indirectly owned, managed or controlled by any Stipulating Defendant.

B.    Opening or causing to be opened any safe deposit boxes, commercial mail boxes, or storage facilities titled in the name of any Stipulating Defendant or subject to access by any Stipulating Defendant.

C.      Incurring charges or cash advances on any credit, debit, or ATM card issued in the name, individually or jointly, of any Stipulating Corporate Defendant or any corporation, partnership, or other entity directly or indirectly owned, managed, or controlled by any Stipulating Defendant or of which any Stipulating Defendant is an officer, director, member, or manager. This includes any corporate bankcard or corporate credit card account for which any Stipulating Defendant is, or was on the date that this Order was signed, an authorized signor.

D.      Cashing any checks or depositing any money orders or cash received from consumers, clients, or customers of any Stipulating Defendant.

The assets affected by this Section include: (1) all assets of Stipulating Defendants as of the time this Order is entered; and (2) assets obtained by Stipulating Defendants after this Order is entered if those assets are derived from any activity that is the subject of the Complaint in this matter or that is prohibited by this Order. This Section does not prohibit the repatriation of foreign assets specifically required by this Order.

*Provided further* that this Section shall not prohibit any Stipulating Individual Defendant from opening a new bank or other financial account for the receipt of payroll deposits not derived from activity that is the subject of the Complaint matter or prohibited by this Order after June 4, 2026.

*Provided further* that any financial institution that has frozen the account of any Stipulating Individual Defendant under the TRO or this Order shall allow the Stipulating Individual Defendant access to payroll deposits credited to the account after June 4, 2026.

## IV.   DUTIES OF ASSET HOLDERS AND OTHER THIRD PARTIES

IT IS FURTHER ORDERED that any financial or brokerage institution, Electronic Data Host, credit card processor, payment processor, merchant bank, acquiring bank, independent sales organization, third party processor, payment gateway, insurance company, business entity, or person who receives actual notice of this Order (by service or otherwise) that:

**STIPULATED PRELIMINARY INJUNCTION**
**CASE NO. 26-cv-05232-HSG**                    -8-

a) has held, controlled, or maintained custody, through an account or otherwise, of any Document on behalf of any Stipulating Defendant or any asset that has been: owned or controlled, directly or indirectly, by any Stipulating Defendant; held, in part or in whole, for the benefit of any Stipulating Defendant; in the actual or constructive possession of any Stipulating Defendant; or owned or controlled by, in the actual or constructive possession of, or otherwise held for the benefit of, any corporation, partnership, asset protection trust, or other entity that is directly or indirectly owned, managed or controlled by any Stipulating Defendant;

b) has held, controlled, or maintained custody, through an account or otherwise, of any Document or asset associated with credits, debits, or Charges made on behalf of any Stipulating Defendant, including reserve funds held by payment processors, credit card processors, merchant banks, acquiring banks, independent sales organizations, third party processors, payment gateways, insurance companies, or other entities;

c) has extended credit to any Stipulating Defendant, including through a credit card account;

must:

A.    Hold, preserve, and retain within its control and prohibit the withdrawal, removal, alteration, assignment, transfer, pledge, encumbrance, disbursement, dissipation, relinquishment, conversion, sale, or other disposal of any such Document or asset, as well as all Documents or other property related to such assets, except by further order of this Court; *provided, however*, that this provision does not prohibit a Stipulating Individual Defendant from incurring charges on a personal credit card established prior to entry of this Order, up to the pre-existing credit limit.

B.    Deny any person access to any safe deposit box, commercial mail box, or storage facility that is titled in the name of any Stipulating Defendant, either individually or jointly, or otherwise subject to access by any Stipulating Defendant.

**STIPULATED PRELIMINARY INJUNCTION**
**CASE NO. 26-cv-05232-HSG**                    -9-

C.    Provide Plaintiff's counsel, within three (3) days of receiving a copy of this Order, a sworn statement setting forth, for each asset or account covered by this Section:

    1)    The identification number of each such account or asset;

    2)    The balance of each such account, or a description of the nature and value of each such asset as of the close of business on the day on which this Order is served, and, if the account or other asset has been closed or removed, the date closed or removed, the total funds removed in order to close the account, and the name of the person or entity to whom such account or other asset was remitted; and

    3)    The identification of any safe deposit box, commercial mail box, or storage facility that is either titled in the name, individually or jointly, of any Stipulating Defendant, or is otherwise subject to access by any Stipulating Defendant.

D.    Upon the request of Plaintiff's counsel, promptly provide Plaintiff's counsel with copies of all records or other Documents pertaining to each account or asset covered by this Section, including originals or copies of account applications, account statements, signature cards, checks, drafts, deposit tickets, transfers to and from the accounts, including wire transfers and wire transfer instructions, all other debit and credit instruments or slips, currency transaction reports, 1099 forms, and all logs and records pertaining to safe deposit boxes, commercial mail boxes, and storage facilities.

*Provided, however*, that this Section does not prohibit the repatriation of foreign assets specifically required by this Order.

## V.    FINANCIAL DISCLOSURES

IT IS FURTHER ORDERED that each Stipulating Defendant, within five (5) days of service of this Order upon them, who has not already done so, must prepare and deliver to Plaintiff's counsel completed financial statements on the forms attached to this Order as **Attachment A** (Financial Statement of Individual Defendant) for each Stipulating Individual

**STIPULATED PRELIMINARY INJUNCTION**
CASE NO. 26-cv-05232-HSG                    -10-

Defendant, and **Attachment B** (Financial Statement of Corporate Defendant) for each Stipulating Corporate Defendant.

## VI.   FOREIGN ASSET REPATRIATION

IT IS FURTHER ORDERED that within five (5) days following the service of this Order, each Stipulating Defendant must:

A.      Provide Plaintiff's counsel with a full accounting, verified under oath and accurate as of the date of this Order, of all assets, Documents, and accounts outside of the United States which are: (1) titled in the name, individually or jointly, of any Stipulating Defendant; (2) held by any person or entity for the benefit of any Stipulating Defendant or for the benefit of, any corporation, partnership, asset protection trust, or other entity that is directly or indirectly owned, managed or controlled by any Stipulating Defendant; or (3) under the direct or indirect control, whether jointly or singly, of any Stipulating Defendant.

B.      Take all steps necessary to provide Plaintiff's counsel access to all Documents and records that may be held by third parties located outside of the territorial United States of America, including signing the Consent to Release of Financial Records appended to this Order as **Attachment C**.

C.      Transfer to the territory of the United States all Documents and assets located in foreign countries which are: (1) titled in the name, individually or jointly, of any Stipulating Defendant; (2) held by any person or entity for the benefit of any Stipulating Defendant or for the benefit of, any corporation, partnership, asset protection trust, or other entity that is directly or indirectly owned, managed or controlled by any Stipulating Defendant; or (3) under the direct or indirect control, whether jointly or singly, of any Stipulating Defendant.

D.      The same business day as any repatriation, (1) notify counsel for Plaintiff of the name and location of the financial institution or other entity that is the recipient of such Documents or assets; and (2) serve this Order on any such financial institution or other entity.

**STIPULATED PRELIMINARY INJUNCTION**
**CASE NO. 26-cv-05232-HSG**                    -11-

## VII.  NON-INTERFERENCE WITH REPATRIATION

IT IS FURTHER ORDERED that Stipulating Defendants, Stipulating Defendants' officers, agents, employees, and attorneys, and all other persons in active concert or participation with any of them, who receive actual notice of this Order, whether acting directly or indirectly, are hereby restrained and enjoined from taking any action, directly or indirectly, which may result in the encumbrance or dissipation of foreign assets, or in the hindrance of the repatriation required by this Order, including, but not limited to:

A.      Sending any communication or engaging in any other act, directly or indirectly, that results in a determination by a foreign trustee or other entity that a "duress" event has occurred under the terms of a foreign trust agreement until such time that all Stipulating Defendants' assets have been fully repatriated pursuant to this Order.

B.      Notifying any trustee, protector, or other agent of any foreign trust or other related entities of either the existence of this Order, or of the fact that repatriation is required pursuant to a court order, until such time that all Stipulating Defendants' assets have been fully repatriated pursuant to this Order.

## VIII. CONSUMER CREDIT REPORTS

IT IS FURTHER ORDERED that Plaintiff may obtain credit reports concerning any Stipulating Defendant pursuant to Section 604(a)(1) of the Fair Credit Reporting Act, 15 U.S.C. § 1681b(a)(1), and that, upon written request, any credit reporting agency from which such reports are requested must provide them to Plaintiff.

## IX.  PRESERVATION OF RECORDS

IT IS FURTHER ORDERED that Stipulating Defendants, Stipulating Defendants' officers, agents, employees, and attorneys, and all other persons in active concert or participation with any of them, who receive actual notice of this Order, whether acting directly or indirectly, are hereby restrained and enjoined from:

A.     Destroying, erasing, falsifying, writing over, mutilating, concealing, altering, transferring, or otherwise disposing of, in any manner, directly or indirectly, Documents that relate to:

   1)   the business, business practices, assets, or business or personal finances of any Defendant;

   2)   the business practices or finances of entities directly or indirectly under the control of any Defendant; or

   3)   the business practices or finances of entities directly or indirectly under common control with any other Defendant.

B.     Failing to create and maintain Documents that, in reasonable detail, accurately, fairly, and completely reflect Stipulating Defendants' incomes, disbursements, transactions, and use of Stipulating Defendants' assets.

## X.   REPORT OF NEW BUSINESS ACTIVITY

IT IS FURTHER ORDERED that Stipulating Defendants, Stipulating Defendants' officers, agents, employees, and attorneys, and all other persons in active concert or participation with any of them, who receive actual notice of this Order, whether acting directly or indirectly, are hereby restrained and enjoined from creating, operating, or exercising any control over any business entity, whether newly formed or previously inactive, including any partnership, limited partnership, joint venture, sole proprietorship, or corporation, without first providing Plaintiff's counsel with a written statement disclosing:

   1)   the name of the business entity;

   2)   the address and telephone number of the business entity;

   3)   the names of the business entity's officers, directors, principals, managers, and employees; and

   4)   a detailed description of the business entity's intended activities.

**STIPULATED PRELIMINARY INJUNCTION**
**CASE NO. 26-cv-05232-HSG**                    -13-

## XI.   DISTRIBUTION OF ORDER BY STIPULATING DEFENDANTS

IT IS FURTHER ORDERED that Stipulating Defendants must immediately provide a copy of this Order to each affiliate, marketer, sales entity, successor, assign, member, officer, director, employee, agent, independent contractor, client, attorney, spouse, subsidiary, division, and representative of any Stipulating Defendant, and must, within ten (10) days from the date of entry of this Order, provide Plaintiff with a sworn statement that this provision of the Order has been satisfied, which statement must include the names, physical addresses, phone number, and email addresses of each such person or entity who received a copy of the Order. Furthermore, Stipulating Defendants must not take any action that would encourage officers, agents, members, directors, employees, salespersons, independent contractors, attorneys, subsidiaries, affiliates, successors, assigns or other persons or entities in active concert or participation with them to disregard this Order or believe that they are not bound by its provisions.

## XII.  EXPEDITED DISCOVERY

IT IS FURTHER ORDERED that, notwithstanding the provisions of the Fed. R. Civ. P. 26(d) and (f) and 30(a)(2)(A)(iii), and pursuant to Fed. R. Civ. P. 30(a), 33, 34, and 45, Plaintiff is granted leave, at any time after service of this Order, to conduct limited expedited discovery, for the purpose of discovering:

1)   the nature, location, status, and extent of Defendants' assets;

2)   the nature, location, status, and extent of Defendants' business transactions and operations;

3)   Documents reflecting Defendants' business transactions and operations;

4)   Defendants' substantiation, if any, for health or wellness claims made in connection with marketing Wisey, Harna, MadMuscles, Unimeal, or any similar product or service; or

5)   compliance with this Order.

The limited expedited discovery set forth in this Section will proceed as follows:

**STIPULATED PRELIMINARY INJUNCTION**
**CASE NO. 26-cv-05232-HSG**                    -14-

A.      Plaintiff may take the deposition of parties and non-parties. Forty-eight (48) hours' notice is sufficient notice for such depositions. The limitations and conditions set forth in Fed. R. Civ. P. 30(a)(2)(A) and 31(a)(2)(A) regarding subsequent depositions of an individual do not apply to depositions taken pursuant to this Section. Any such deposition taken pursuant to this Section will not be counted towards the deposition limit set forth in Rules 30(a)(2)(A) and 31(a)(2)(A) and depositions may be taken by telephone or other remote electronic means.

B.      Plaintiff may serve upon parties requests for production of Documents or inspection that require production or inspection within five (5) days of service, provided, however, that three (3) days of notice will be deemed sufficient for the production of any such Documents that are maintained or stored only in an electronic format.

C.      Plaintiff may serve upon parties interrogatories that require response within five (5) days after Plaintiff serves such interrogatories.

D.      Plaintiff may serve subpoenas upon non-parties that direct production or inspection within five (5) days of service.

E.      Service of discovery upon a party to this action, taken pursuant to this Section, is sufficient if made by facsimile, email, or by overnight delivery.

F.      Any expedited discovery taken pursuant to this Section is in addition to, and is not subject to, the limits on discovery set forth in the Federal Rules of Civil Procedure and the Local Rules of this Court. The expedited discovery permitted by this Section does not require a meeting or conference of the parties, pursuant to Fed. R. Civ. P. 26(d) & (f). The timeframes outlined above may be extended by the parties' agreement without further Court Order.

## XIII. SERVICE OF THIS ORDER

IT IS FURTHER ORDERED that copies of this Order as well as all other filings in this matter (other than the complaint and summons), may be served by any means, including facsimile transmission, electronic mail or other electronic messaging, personal or overnight delivery, U.S. Mail or FedEx, by agents and employees of Plaintiff, by any law enforcement agency, or by private process server, upon any Stipulating Defendant or any person (including

**STIPULATED PRELIMINARY INJUNCTION**
**CASE NO. 26-cv-05232-HSG**                    -15-

any financial institution) that may have possession, custody or control of any asset or Document of any Stipulating Defendant, or that may be subject to any provision of this Order pursuant to Fed. R. Civ. P. 65(d)(2). For purposes of this Section, service upon any branch, subsidiary, affiliate or office of any entity will effect service upon the entire entity.

## XIV. CORRESPONDENCE AND SERVICE ON PLAINTIFF

IT IS FURTHER ORDERED that, for the purpose of this Order, all correspondence and service of pleadings on Plaintiff must be addressed to:

> Alyssa J. Wu and Shining J. Hsu
> Federal Trade Commission
> 90 Seventh St., Suite 14-300
> San Francisco, CA 94103
> (415) 848-5100 / awu1@ftc.gov
> (415) 848-5191 / shsu1@ftc.gov
>
> Joshua A. Doan
> Federal Trade Commission
> 600 Pennsylvania Ave., NW, GAO-5K21
> Washington, DC 20580
> (202) 326-3187 / jdoan@ftc.gov

## XV.  DURATION OF THE ORDER

IT IS FURTHER ORDERED that this Order shall remain in full force and effect until entry of a final judgment adjudicating all the claims and the parties' rights and liabilities unless sooner modified or dissolved.

## XVI. RETENTION OF JURISDICTION

IT IS FURTHER ORDERED that the Court retains jurisdiction of this matter for all purposes.

SO STIPULATED:

Dated: June 29, 2026

/s/ Alyssa J. Wu

Alyssa J. Wu
Shining J. Hsu
Joshua A. Doan
Federal Trade Commission
90 Seventh Street, Suite 14-300
San Francisco, CA 94103
Email: awu1@ftc.gov
shsu@ftc.gov, jdoan@ftc.gov
Tel: (415) 848-5100

Attorneys for Plaintiff
FEDERAL TRADE COMMISSION

Dated: June 29, 2026

/s/ Karl S. Kronenberger*

Karl S. Kronenberger
Liana W. Chen
James D. Carlson
Kronenberger Rosenfeld, LLP
548 Market Street, Suite 85399
San Francisco, CA 94104
Email: karl@kr.law
Tel: (415) 955-1155

Attorneys for Defendants GROWTHMIND LABS LTD., GURUDOCS LTD., EVERTECH INC., YOLO BROTHERS INC., AMOAPP INC., OKSANA KUCHER, IRYNA OLEKSYN, OLGA GARBUZENKO, ROSTYSLAV IVANITSA, AND VIKTORIIA SAVCHUK

*Pursuant to Civ. L.R. 5-1(i)(3), the filer attests that concurrence in the filing of the document has been obtained from the other signatory.

SO ORDERED:

Dated: 6/30/2026

Hon. Haywood S. Gilliam, Jr.
United States District Judge