**KRONENBERGER ROSENFELD, LLP**
Karl S. Kronenberger (Bar No. 226112)
Liana Chen (Bar No. 296965)
James Carlson (Bar No. 362056)
548 Market Street #85399
San Francisco, CA 94104-5401
Telephone: (415) 955-1155
Facsimile: (415) 955-1158
karl@kr.law
liana@kr.law
jim@kr.law

*Attorneys for Defendants Evertech Inc.,*
*Yolo Brothers Inc., Growthmind Labs Ltd,*
*Gurudocs Ltd, AmoApp Inc., Olga Garbuzenko,*
*Rostyslav Ivanitsa, Oksana Kucher, Iryna*
*Oleksyn, and Viktoriia Savchuk*

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**OAKLAND DIVISION**

| | |
|---|---|
| **FEDERAL TRADE COMMISSION**, <br><br> Plaintiff, <br><br> v. <br><br> **GM UNIVERSEAPPS LTD**, also d/b/a UNIVERSE GROUP, a Cyprus limited company, et al., <br><br> Defendants. | Case No. 4:26-cv-05232-HSG <br><br> **DEFENDANTS EVERTECH INC., YOLO BROTHERS INC., GROWTHMIND LABS LTD, GURUDOCS LTD, AMOAPP INC., OLGA GARBUZENKO, ROSTYSLAV IVANITSA, OKSANA KUCHER, IRYNA OLEKSYN, AND VIKTORIIA SAVCHUK'S ANSWER TO PLAINTIFF'S COMPLAINT AND AFFIRMATIVE DEFENSES** |

**DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES**

KRONENBERGER ROSENFELD

Defendants Evertech Inc., Yolo Brothers Inc., Growthmind Labs Ltd, Gurudocs Ltd, AmoApp Inc., (collectively, "US Company Defendants"), Olga Garbuzenko, Rostyslav Ivanitsa, Oksana Kucher, Iryna Oleksyn, and Viktoriia Savchuk (collectively, "US Individual Defendants," and with US Company Defendants, "Defendants") hereby respond to and answer the Complaint filed by Plaintiff Federal Trade Commission ("Plaintiff" or "FTC"), and Defendants assert affirmative defenses, as follows (headings are copied from the Complaint, but Defendants do not admit the substance of any allegations in headings):

1.      The allegations in this Paragraph are prefatory and legal conclusions to which no response is required. To the extent a response is required, Defendants admit that the FTC purports to bring this action under Section 5(a) of the FTC Act, 15 U.S.C. §45(a), and the Restore Online Shoppers' Confidence Act ("ROSCA"), 15 U.S.C. §§8401-8405, but Defendants deny that they violated the FTC Act or ROSCA or are liable to the FTC.

## SUMMARY OF CASE

2.      Defendants deny the allegations in this Paragraph.

3.      Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 3 regarding how Genesis Tech bills itself and on that basis deny them. Defendants deny any remaining allegations in Paragraph 3.

4.      Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 4 regarding Matar Trade & Invest Limited and on that basis deny them. Defendants deny any remaining allegations in Paragraph 4.

5.      Defendants admit that US Company Defendants were Delaware corporations used for US payment processing for US customers. Defendants admit that US Individual Defendants resided in the United States at the time of the Complaint and that Plaintiff has identified other companies in Cyprus. Defendants specifically deny that there was a common enterprise. Defendants deny any remaining allegations in this Paragraph.

6.      Defendants deny the allegations in this Paragraph.

7.      Defendants deny that they defrauded consumers or that their PayPal accounts were connected as part of any common enterprise. Defendants lack knowledge

Case No. 4:26-cv-05232-HSG                          1         **DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES**

or information sufficient to form a belief concerning aggregate payment volume for accounts they did not own or control and deny that allegation on that basis. Defendants deny the remaining allegations in this Paragraph.

8.    Defendants deny the allegations in this Paragraph.

9.    Defendants admit only that the Complaint identifies Wisey; PDF Guru and PDF Master; Lumi; Nebula; and MadMuscles, Harna, and Unimeal. Defendants deny that those products were deployed by a Genesis Tech common enterprise, deny that any alleged enterprise was opaque or evolving as alleged, deny the alleged aggregate revenue and its attribution, and deny the remaining allegations in this Paragraph.

10.    The allegations in this Paragraph are prefatory and legal conclusions to which no response is required. To the extent a response is required, Defendants admit that the FTC purports to bring this action under certain laws but they deny any liability or relief.

**JURISDICTION**

11.    The allegations in this Paragraph are prefatory, contain legal verbiage, and call for a conclusion of law to which no response is required. To the extent a response is required, Defendants admit that this Court has subject matter jurisdiction over FTC Act claims but reserve all objections and deny any remaining allegations in Paragraph 11.

**VENUE**

12.    The allegations in this Paragraph are prefatory, contain legal verbiage, and call for a conclusion of law to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 12.

**DIVISIONAL ASSIGNMENT**

13.    The allegations in this Paragraph are prefatory, contain legal verbiage, and call for a conclusion of law to which no response is required. To the extent a response is required, Defendant Rostyslav Ivanitsa admits that he resides in Marin County. Defendants deny that a substantial part of the events occurred in San Francisco or Marin County as alleged. Defendants deny the remaining allegations in Paragraph 13.

//

KRONENBERGER ROSENFELD

**PLAINTIFF**

14.     Defendants admit that the FTC is an agency of the United States Government created by statute. Defendants deny any remaining allegations in Paragraph 14.

15.     The allegations in this Paragraph are prefatory, contain legal verbiage, and call for a conclusion of law to which no response is required. To the extent a response is required, Defendants admit the FTC states it enforces Section 5(a) of the FTC Act to prohibit certain unfair or deceptive acts or practices in or affecting commerce in the United States. Defendants deny any remaining allegations in Paragraph 15.

16.     The allegations in this Paragraph are prefatory, contain legal verbiage, and call for a conclusion of law to which no response is required. To the extent a response is required, Defendants admit the FTC states it enforces ROSCA and that statutory language is outlined in Paragraph 16. Defendants deny any remaining allegations in Paragraph 16.

**DEFENDANTS**

17.     Defendants lack knowledge or information sufficient to admit or deny the allegations in this Paragraph and therefore deny the allegations.

18.     Defendants lack knowledge or information sufficient to admit or deny the allegations in this Paragraph and therefore deny the allegations.

19.     Defendants lack knowledge or information sufficient to admit or deny the allegations in this Paragraph and therefore deny the allegations.

20.     Defendants lack knowledge or information sufficient to admit or deny the allegations in this Paragraph and therefore deny the allegations.

***A. Wisey Defendants***

21.     Defendants lack knowledge or information sufficient to admit or deny the allegations in this Paragraph and therefore deny the allegations.

22.     Defendants Growthmind Labs Limited and Oksana Kucher admit that Growthmind Labs Limited is a Delaware corporation with the Delaware address and Nevada place of business and that Growthmind Labs resold subscription offers to consumers in the United States. Defendants deny the remaining allegations in this

Case No. 4:26-cv-05232-HSG                                3        **DEFENDANTS' ANSWER AND
                                                                    AFFIRMATIVE DEFENSES**

KRONENBERGER ROSENFELD

Paragraph 22.

23.    Defendants Growthmind Labs Limited and Oksana Kucher admit that Defendant Kucher is a resident of Connecticut, agreed to do administrative work for Growthmind Labs, and was a shareholder and signatory on certain documents for Growthmind Labs. Defendants deny the remaining allegations in Paragraph 23.

### B. PDF Defendants

24.    Defendants lack knowledge or information sufficient to admit or deny the allegations in this Paragraph and therefore deny the allegations.

25.    Defendants Gurudocs Limited and Iryna Oleksyn admit that Gurudocs Limited is a Delaware corporation with the Delaware address and Nevada place of business and that Gurudocs Limited resold subscription offers to consumers in the United States. Defendants deny the remaining allegations in Paragraph 25.

26.    Defendants Gurudocs Limited and Iryna Oleksyn admit that Defendant Oleksyn is a resident of Colorado, was a director of Gurudocs Limited, and was a signatory on certain documents for Gurudocs Limited. Defendants deny the remaining allegations in Paragraph 26.

### C. Lumi Defendants

27.    Defendants lack knowledge or information sufficient to admit or deny the allegations in this Paragraph and therefore deny the allegations.

28.    Defendants lack knowledge or information sufficient to admit or deny the allegations in this Paragraph and therefore deny the allegations.

29.    Defendants Evertech Inc. and Olga Garbuzenko admit that Evertech Inc. is a Delaware corporation with the Delaware address and Nevada place of business and that Evertech Inc. resold subscription offers to consumers in the United States. Defendants deny the remaining allegations in Paragraph 29.

30.    Defendants Evertech Inc. and Olga Garbuzenko admit that Defendant Garbuzenko is a resident of New Jersey, was the President of Evertech Inc., and was a signatory on certain documents for Evertech Inc. Defendants deny the remaining

KRONENBERGER ROSENFELD

allegations in Paragraph 30.

### D. Nebula Defendants

31.    Defendants lack knowledge or information sufficient to admit or deny the allegations in this Paragraph and therefore deny the allegations.

32.    Defendants lack knowledge or information sufficient to admit or deny the allegations in this Paragraph and therefore deny the allegations.

33.    Defendants lack knowledge or information sufficient to admit or deny the allegations in this Paragraph and therefore deny the allegations.

34.    Defendants Yolo Brothers Inc. and Rostyslav Ivanitsa admit that Yolo Brothers Inc. is a Delaware corporation with the Delaware address and Nevada place of business and that Yolo Brothers Inc. resold subscription offers to consumers in the United States. Defendants deny the remaining allegations in Paragraph 34.

35.    Defendants Yolo Brothers Inc. and Rostyslav Ivanitsa admit that Defendant Ivanitsa is a resident of California, was an incorporator and director of Yolo Brothers Inc., and was a signatory on certain documents for Yolo Brothers Inc.; Defendant Ivanitsa's role was to set up and transfer the company, and he currently does not hold any shares with Yolo Brothers. Defendants deny the remaining allegations in Paragraph 35.

### E. Amo Defendants

36.    Defendants lack knowledge or information sufficient to admit or deny the allegations in this Paragraph and therefore deny the allegations.

37.    Defendants lack knowledge or information sufficient to admit or deny the allegations in this Paragraph and therefore deny the allegations.

38.    Defendants AmoApp Inc. and Viktoriia Savchuk admit that AmoApp Inc. was a Delaware corporation with the Delaware address and Nevada place of business and that AmoApp Inc. resold subscription offers to consumers in the United States. Defendants deny the remaining allegations in Paragraph 38.

39.    Defendants AmoApp Inc. and Viktoriia Savchuk admit that Defendant Savchuk is a resident of Washington, was a director of AmoApp Inc., and was a signatory

KRONENBERGER ROSENFELD

on certain documents for AmoApp Inc. Defendants deny that Defendant Savchuk was a shareholder of, or has any present role with, AmoApp Inc. Defendants deny the remaining allegations in Paragraph 39.

### F. Common Enterprise

40.    Defendants deny the allegations in this Paragraph.

41.    Defendants deny the allegations in this Paragraph.

42.    Defendants deny the allegations in this Paragraph.

## COMMERCE

43.    The allegations in this Paragraph are prefatory and call for conclusions of law to which no response is required. To the extent a response is required, denied.

## DEFENDANTS' BUSINESS PRACTICES

44.    Defendants deny the allegations in this Paragraph.

45.    Defendants deny the allegations in this Paragraph.

46.    Defendants deny the allegations in this Paragraph.

47.    Defendants deny the allegations in this Paragraph.

48.    Defendants deny the allegations in this Paragraph.

49.    Defendants deny the allegations in this Paragraph.

50.    Defendants deny the allegations in this Paragraph.

51.    Defendants deny the allegations in this Paragraph.

### A. Wisey

52.    Defendants Growthmind Labs Ltd and Oksana Kucher admit that Wisey was a digital self-development and productivity platform. Defendants deny the remaining allegations in Paragraph 52.

53.    Defendants lack knowledge or information sufficient to admit or deny the allegations in this Paragraph and therefore deny the allegations.

54.    Defendants lack knowledge or information sufficient to admit or deny the allegations in this Paragraph and therefore deny the allegations.

55.    Defendants admit this Paragraph displays a screenshot, which speaks for

KRONENBERGER ROSENFELD

itself. Defendants deny any attempt at characterizing the screenshot. As to the remaining allegations in this Paragraph, Defendants lack knowledge or information sufficient to admit or deny the remaining allegations in this Paragraph and therefore deny the allegations.

56.    Defendants admit this Paragraph displays a screenshot, which speaks for itself. Defendants deny any attempt at characterizing the screenshot. As to the remaining allegations in this Paragraph, Defendants lack knowledge or information sufficient to admit or deny the remaining allegations in this Paragraph and therefore deny the allegations.

57.    Defendants admit this Paragraph displays a screenshot, which speaks for itself. Defendants deny any attempt at characterizing the screenshot. As to the remaining allegations in this Paragraph, Defendants lack knowledge or information sufficient to admit or deny the remaining allegations in this Paragraph and therefore deny the allegations.

58.    Defendants admit this Paragraph displays a screenshot, which speaks for itself. Defendants deny any attempt at characterizing the screenshot. As to the remaining allegations in this Paragraph, Defendants lack knowledge or information sufficient to admit or deny the remaining allegations in this Paragraph and therefore deny the allegations.

59.    Defendants lack knowledge or information sufficient to admit or deny the allegations in this Paragraph and therefore deny the allegations.

60.    Defendants lack knowledge or information sufficient to admit or deny the allegations in this Paragraph and therefore deny the allegations.

61.    Defendants admit this Paragraph displays a screenshot, which speaks for itself. Defendants deny any attempt at characterizing the screenshot. As to the remaining allegations in this Paragraph, Defendants lack knowledge or information sufficient to admit or deny the remaining allegations in this Paragraph and therefore deny the allegations.

62.    Defendants lack knowledge or information sufficient to admit or deny the allegations in this Paragraph and therefore deny the allegations.

63.    Defendants lack knowledge or information sufficient to admit or deny the allegations in this Paragraph and therefore deny the allegations.

64.    The allegations in this Paragraph are prefatory, contain legal verbiage, and

call for a conclusion of law to which no response is required. To the extent a response is required, Defendants lack knowledge or information sufficient to admit or deny the allegations in this Paragraph and therefore deny the allegations.

65. Defendants lack knowledge or information sufficient to admit or deny the allegations in this Paragraph and therefore deny the allegations.

66. Defendants lack knowledge or information sufficient to admit or deny the allegations in this Paragraph and therefore deny the allegations.

67. Defendants admit this Paragraph displays a screenshot, which speaks for itself. Defendants deny any attempt at characterizing the screenshot. As to the remaining allegations in this Paragraph, Defendants lack knowledge or information sufficient to admit or deny the remaining allegations in this Paragraph and therefore deny the allegations.

68. Defendants admit this Paragraph displays a screenshot, which speaks for itself. Defendants deny any attempt at characterizing the screenshot. As to the remaining allegations in this Paragraph, Defendants lack knowledge or information sufficient to admit or deny the remaining allegations in this Paragraph and therefore deny the allegations.

69. Defendants lack knowledge or information sufficient to admit or deny the allegations in this Paragraph and therefore deny the allegations.

70. Defendants lack knowledge or information sufficient to admit or deny the allegations in this Paragraph and therefore deny the allegations.

71. Defendants admit this Paragraph displays a screenshot, which speaks for itself. Defendants deny any attempt at characterizing the screenshot. As to the remaining allegations in this Paragraph, Defendants lack knowledge or information sufficient to admit or deny the remaining allegations in this Paragraph and therefore deny the allegations.

72. Defendants lack knowledge or information sufficient to admit or deny the allegations in this Paragraph and therefore deny the allegations.

73. Defendants lack knowledge or information sufficient to admit or deny the allegations in this Paragraph and therefore deny the allegations.

74. Defendants lack knowledge or information sufficient to admit or deny the

allegations in this Paragraph and therefore deny the allegations.

75.    Defendants lack knowledge or information sufficient to admit or deny the allegations in this Paragraph and therefore deny the allegations.

76.    Defendants lack knowledge or information sufficient to admit or deny the allegations in this Paragraph and therefore deny the allegations.

### B. PDF Products

77.    Defendants Gurudocs Ltd and Iryna Oleksyn admit that PDF Guru is an online PDF editing product. Defendants lack knowledge or information sufficient to admit or deny the remaining allegations in this Paragraph and therefore deny the allegations.

78.    Defendants lack knowledge or information sufficient to admit or deny the allegations in this Paragraph and therefore deny the allegations.

79.    Defendants lack knowledge or information sufficient to admit or deny the allegations in this Paragraph and therefore deny the allegations.

80.    Defendants lack knowledge or information sufficient to admit or deny the allegations in this Paragraph and therefore deny the allegations.

81.    Defendants lack knowledge or information sufficient to admit or deny the allegations in this Paragraph and therefore deny the allegations.

82.    Defendants lack knowledge or information sufficient to admit or deny the allegations in this Paragraph and therefore deny the allegations.

83.    Defendants lack knowledge or information sufficient to admit or deny the allegations in this Paragraph and therefore deny the allegations.

84.    The allegations in this Paragraph are prefatory, contain legal verbiage, and call for a conclusion of law to which no response is required. To the extent a response is required, Defendants lack knowledge or information sufficient to admit or deny the allegations in this Paragraph and therefore deny the allegations.

85.    Defendants lack knowledge or information sufficient to admit or deny the allegations in this Paragraph and therefore deny the allegations.

86.    Defendants lack knowledge or information sufficient to admit or deny the

KRONENBERGER ROSENFELD

allegations in this Paragraph and therefore deny the allegations.

87. Defendants lack knowledge or information sufficient to admit or deny the allegations in this Paragraph and therefore deny the allegations.

88. Defendants lack knowledge or information sufficient to admit or deny the allegations in this Paragraph and therefore deny the allegations.

89. Defendants lack knowledge or information sufficient to admit or deny the allegations in this Paragraph and therefore deny the allegations.

90. Defendants lack knowledge or information sufficient to admit or deny the allegations in this Paragraph and therefore deny the allegations.

91. Defendants lack knowledge or information sufficient to admit or deny the allegations in this Paragraph and therefore deny the allegations.

92. Defendants lack knowledge or information sufficient to admit or deny the allegations in this Paragraph and therefore deny the allegations.

93. Defendants lack knowledge or information sufficient to admit or deny the allegations in this Paragraph and therefore deny the allegations.

### C. Lumi

94. Defendants Evertech Inc. and Olga Garbuzenko admit that LUMI have offered online fashion consulting services. Defendants lack knowledge or information sufficient to admit or deny the remaining allegations in this Paragraph and therefore deny the allegations.

95. Defendants lack knowledge or information sufficient to admit or deny the allegations in this Paragraph and therefore deny the allegations.

96. Defendants lack knowledge or information sufficient to admit or deny the allegations in this Paragraph and therefore deny the allegations.

97. Defendants lack knowledge or information sufficient to admit or deny the allegations in this Paragraph and therefore deny the allegations.

98. Defendants lack knowledge or information sufficient to admit or deny the allegations in this Paragraph and therefore deny the allegations.

KRONENBERGER ROSENFELD

99. Defendants lack knowledge or information sufficient to admit or deny the allegations in this Paragraph and therefore deny the allegations.

100. Defendants lack knowledge or information sufficient to admit or deny the allegations in this Paragraph and therefore deny the allegations.

101. Defendants lack knowledge or information sufficient to admit or deny the allegations in this Paragraph and therefore deny the allegations.

102. Defendants lack knowledge or information sufficient to admit or deny the allegations in this Paragraph and therefore deny the allegations.

103. Defendants lack knowledge or information sufficient to admit or deny the allegations in this Paragraph and therefore deny the allegations.

104. Defendants lack knowledge or information sufficient to admit or deny the allegations in this Paragraph and therefore deny the allegations.

105. Defendants lack knowledge or information sufficient to admit or deny the allegations in this Paragraph and therefore deny the allegations.

106. Defendants lack knowledge or information sufficient to admit or deny the allegations in this Paragraph and therefore deny the allegations.

107. Defendants lack knowledge or information sufficient to admit or deny the allegations in this Paragraph and therefore deny the allegations.

108. Defendants lack knowledge or information sufficient to admit or deny the allegations in this Paragraph and therefore deny the allegations.

109. Defendants lack knowledge or information sufficient to admit or deny the allegations in this Paragraph and therefore deny the allegations.

110. Defendants Evertech Inc. and Olga Garbuzenko admit consumers may dispute transactions through PayPal or obtain refunds. Defendants lack knowledge or information sufficient to admit or deny the remaining allegations in this Paragraph and therefore deny the allegations.

111. Defendants lack knowledge or information sufficient to admit or deny the allegations in this Paragraph and therefore deny the allegations.

KRONENBERGER ROSENFELD

112. Defendants lack knowledge or information sufficient to admit or deny the allegations in this Paragraph and therefore deny the allegations.

### D. Nebula

113. Defendants Yolo Brothers Inc. and Rostyslav Ivanitsa admit that Nebula is a spiritual guidance platform. Defendants deny the remaining allegations in this Paragraph.

114. Defendants lack knowledge or information sufficient to admit or deny the allegations in this Paragraph and therefore deny the allegations.

115. Defendants lack knowledge or information sufficient to admit or deny the allegations in this Paragraph and therefore deny the allegations.

116. Defendants lack knowledge or information sufficient to admit or deny the allegations in this Paragraph and therefore deny the allegations.

117. Defendants lack knowledge or information sufficient to admit or deny the allegations in this Paragraph and therefore deny the allegations.

118. Defendants lack knowledge or information sufficient to admit or deny the allegations in this Paragraph and therefore deny the allegations.

119. The allegations in this Paragraph are prefatory, contain legal verbiage, and call for a conclusion of law to which no response is required. To the extent a response is required, Defendants lack knowledge or information sufficient to admit or deny the allegations in this Paragraph and therefore deny the allegations.

120. Defendants lack knowledge or information sufficient to admit or deny the allegations in this Paragraph and therefore deny the allegations.

121. Defendants cannot confirm or deny the allegations in this Paragraph and therefore deny the allegations.

122. The allegations in this Paragraph are prefatory, contain legal verbiage, and call for a conclusion of law to which no response is required. To the extent a response is required, Defendants lack knowledge or information sufficient to admit or deny the allegations in this Paragraph and therefore deny the allegations.

123. Defendants lack knowledge or information sufficient to admit or deny the

KRONENBERGER ROSENFELD

allegations in this Paragraph and therefore deny the allegations.

124. Defendants lack knowledge or information sufficient to admit or deny the allegations in this Paragraph and therefore deny the allegations.

125. Defendants lack knowledge or information sufficient to admit or deny the allegations in this Paragraph and therefore deny the allegations.

126. Defendants lack knowledge or information sufficient to admit or deny the allegations in this Paragraph and therefore deny the allegations.

127. Defendants lack knowledge or information sufficient to admit or deny the allegations in this Paragraph and therefore deny the allegations.

128. Defendants lack knowledge or information sufficient to admit or deny the allegations in this Paragraph and therefore deny the allegations.

129. Defendants lack knowledge or information sufficient to admit or deny the allegations in this Paragraph and therefore deny the allegations.

130. Defendants lack knowledge or information sufficient to admit or deny the allegations in this Paragraph and therefore deny the allegations.

### E. Amo Products

131. Defendants AmoApp Inc. and Viktoriia Savchuk admit that MadMuscles, Harna and Unimeal are fitness and nutrition digital products. Defendants deny the remaining allegations in this Paragraph.

132. The allegations in this Paragraph are prefatory, contain legal verbiage, and call for a conclusion of law to which no response is required. To the extent a response is required, Defendants lack knowledge or information sufficient to admit or deny the allegations in this Paragraph and therefore deny the allegations.

133. Defendants lack knowledge or information sufficient to admit or deny the allegations in this Paragraph and therefore deny the allegations.

134. Defendants lack knowledge or information sufficient to admit or deny the allegations in this Paragraph and therefore deny the allegations.

135. Defendants lack knowledge or information sufficient to admit or deny the

allegations in this Paragraph and therefore deny the allegations.

136.   Defendants lack knowledge or information sufficient to admit or deny the allegations in this Paragraph and therefore deny the allegations.

137.   Defendants lack knowledge or information sufficient to admit or deny the allegations in this Paragraph and therefore deny the allegations.

138.   Defendants lack knowledge or information sufficient to admit or deny the allegations in this Paragraph and therefore deny the allegations.

139.   Defendants lack knowledge or information sufficient to admit or deny the allegations in this Paragraph and therefore deny the allegations.

140.   Defendants lack knowledge or information sufficient to admit or deny the allegations in this Paragraph and therefore deny the allegations.

141.   Defendants lack knowledge or information sufficient to admit or deny the allegations in this Paragraph and therefore deny the allegations.

142.   Defendants lack knowledge or information sufficient to admit or deny the allegations in this Paragraph and therefore deny the allegations.

143.   The allegations in this Paragraph are prefatory, contain legal verbiage, and call for a conclusion of law to which no response is required. To the extent a response is required, Defendants lack knowledge or information sufficient to admit or deny the allegations in this Paragraph and therefore deny the allegations.

144.   Defendants lack knowledge or information sufficient to admit or deny the allegations in this Paragraph and therefore deny the allegations.

145.   Defendants lack knowledge or information sufficient to admit or deny the allegations in this Paragraph and therefore deny the allegations.

146.   Defendants lack knowledge or information sufficient to admit or deny the allegations in this Paragraph and therefore deny the allegations.

147.   Defendants lack knowledge or information sufficient to admit or deny the allegations in this Paragraph and therefore deny the allegations.

148.   Defendants lack knowledge or information sufficient to admit or deny the

KRONENBERGER ROSENFELD

allegations in this Paragraph and therefore deny the allegations.

149. Defendants lack knowledge or information sufficient to admit or deny the allegations in this Paragraph and therefore deny the allegations.

150. Defendants lack knowledge or information sufficient to admit or deny the allegations in this Paragraph and therefore deny the allegations.

151. Defendants lack knowledge or information sufficient to admit or deny the allegations in this Paragraph and therefore deny the allegations.

152. Defendants lack knowledge or information sufficient to admit or deny the allegations in this Paragraph and therefore deny the allegations.

153. Defendants lack knowledge or information sufficient to admit or deny the allegations in this Paragraph and therefore deny the allegations.

154. The allegations in this Paragraph are prefatory, contain legal verbiage, and call for a conclusion of law to which no response is required. To the extent a response is required, Defendants lack knowledge or information sufficient to admit or deny the allegations in this Paragraph and therefore deny the allegations.

## VIOLATIONS OF THE FTC ACT

155. The allegations in this Paragraph are prefatory, contain legal verbiage, and call for a conclusion of law to which no response is required. To the extent a response is required, Defendants deny the allegations in this Paragraph.

156. The allegations in this Paragraph are prefatory, contain legal verbiage, and call for a conclusion of law to which no response is required. To the extent a response is required, Defendants deny the allegations in this Paragraph.

157. The allegations in this Paragraph are prefatory, contain legal verbiage, and call for a conclusion of law to which no response is required. To the extent a response is required, Defendants deny the allegations in this Paragraph.

### Count I

158. Defendants deny the allegations in this Paragraph.

159. Defendants deny the allegations in this Paragraph.

KRONENBERGER ROSENFELD

160. Defendants deny the allegations in this Paragraph.

## Count II

161. Defendants deny the allegations in this Paragraph.

162. Defendants deny the allegations in this Paragraph.

163. Defendants deny the allegations in this Paragraph.

## VIOLATIONS OF THE RESTORE ONLINE SHOPPERS' CONFIDENCE ACT

164. The allegations in this Paragraph are prefatory, contain legal verbiage, and call for a conclusion of law to which no response is required. To the extent a response is required, Defendants deny the allegations in this Paragraph.

165. The allegations in this Paragraph are prefatory, contain legal verbiage, and call for a conclusion of law to which no response is required. To the extent a response is required, Defendants deny the allegations in this Paragraph.

166. The allegations in this Paragraph are prefatory, contain legal verbiage, and call for a conclusion of law to which no response is required. To the extent a response is required, Defendants deny the allegations in this Paragraph.

167. The allegations in this Paragraph are prefatory, contain legal verbiage, and call for a conclusion of law to which no response is required. To the extent a response is required, Defendants deny the allegations in this Paragraph.

168. The allegations in this Paragraph are prefatory, contain legal verbiage, and call for a conclusion of law to which no response is required. To the extent a response is required, Defendants deny the allegations in this Paragraph.

169. The allegations in this Paragraph are prefatory, contain legal verbiage, and call for a conclusion of law to which no response is required. To the extent a response is required, Defendants deny the allegations in this Paragraph.

## Count III

170. Defendants deny the allegations in this Paragraph.

171. Defendants deny the allegations in this Paragraph.

//

Case No. 4:26-cv-05232-HSG                    16          DEFENDANTS' ANSWER AND
                                                          AFFIRMATIVE DEFENSES

**Count IV**

172.  Defendants deny the allegations in this Paragraph.

173.  Defendants deny the allegations in this Paragraph.

**Count V**

174.  Defendants deny the allegations in this Paragraph.

175.  Defendants deny the allegations in this Paragraph.

**CONSUMER INJURY**

176.  Defendants deny the allegations in this Paragraph.

**PRAYER FOR RELIEF**

Defendants deny that Plaintiff is entitled to any of the relief pled in this section of the Complaint, including the relief requested in subparagraphs labeled A through D. Defendants specifically deny that the FTC is entitled to permanent injunction, monetary relief, asset freeze, or any other relief requested in the Complaint. Defendants further deny that they violated the FTC Act or ROSCA or participated in or had knowledge of violations.

**DEFENDANTS' AFFIRMATIVE DEFENSES**

Without admitting any allegations in the Complaint, Defendants assert the following affirmative defenses and reserve the right to add additional affirmative defenses as discovery proceeds. Each affirmative defense is asserted as to all causes of action unless otherwise noted. By asserting these affirmative defenses, Defendants do not assume the burden of proving any fact, issue, or element of a cause of action where the burden belongs to Plaintiff. Moreover, nothing stated herein is intended or shall be construed as an acknowledgment that any issue or subject matter is relevant to Plaintiff's allegations.

**FIRST AFFIRMATIVE DEFENSE**

**Failure to State a Claim**

The Complaint fails to state a claim for which relief can be granted.

**SECOND AFFIRMATIVE DEFENSE**

**Lack of Statutory Authority**

The alleged claims and requests for relief exceed the statutory authority delegated

KRONENBERGER ROSENFELD

by Congress to Plaintiff, and Plaintiff lacks authority to pursue this case in this Court.

## THIRD AFFIRMATIVE DEFENSE

### Lack of Individual Liability

The individual Defendants are not personally liable for the alleged conduct of the corporate Defendants because they did not directly participate in the alleged unfair or deceptive practices and did not have the authority to control the relevant conduct, such as the subscription disclosures, and are protected by applicable principles of limited liability.

## FOURTH AFFIRMATIVE DEFENSE

### Lack of Common Enterprise

Corporate Defendants are not liable for the alleged conduct of the other corporate Defendants because there was no common enterprise, or at least no enterprise involving all Defendants, and separate companies are protected by principles of limited liability; corporate Defendants did not directly participate in the alleged unfair or deceptive practices, and the common enterprise theory improperly replaces stricter veil-piercing standards.

## FIFTH AFFIRMATIVE DEFENSE

### Third-Party Conduct

Any alleged damages or losses suffered by consumers were not proximately caused by Defendants but instead were caused in whole or part by the acts or omissions of other entities or individuals outside Defendants' control or by intervening or superseding causes.

## SIXTH AFFIRMATIVE DEFENSE

### Accord and Satisfaction / Set Off

Any monetary award must be reduced by all amounts previously refunded, credited, reversed, charged back, or otherwise returned or provided to consumers.

## SEVENTH AFFIRMATIVE DEFENSE

### Unwarranted Relief

Any monetary award must be limited in line with applicable law. Plaintiff is not entitled to redress that is excessive or that constitutes a penalty. Civil penalties may not violate due process, the Excessive Fines Clause of the Eighth Amendment, or other constitutional

rights. Any injunctive and ancillary relief, including freezing of assets, is not warranted where violations are not ongoing and terms are not tailored.

## EIGHTH AFFIRMATIVE DEFENSE

### Good Faith and Reasonable Reliance

Relief is limited to the extent Defendants acted in good faith and reasonable reliance on applicable laws, industry standards, and agreements.

## NINTH AFFIRMATIVE DEFENSE

### Failure to Mitigate Damages

Plaintiff's claims for monetary relief are barred in whole or part to the extent that Plaintiff failed to take reasonable steps to mitigate alleged damages, including by failing to notify Defendants of the conduct at issue during its lengthy investigation.

## TENTH AFFIRMATIVE DEFENSE

### Assumption of Risk

Plaintiff's claims are barred in whole or part to the extent that consumers assumed the risks of payments, including where they consented to clear subscription terms, and where Plaintiff assumed the risk of continued conduct due to lack of notice to Defendants.

## ELEVENTH AFFIRMATIVE DEFENSE

### Waiver and Estoppel

Plaintiff's claims are barred in whole or part by the doctrines of waiver and estoppel, including as the FTC investigated Defendants for years without providing any prior notice to Defendants, demonstrating waiver and estoppel and causing prejudice to Defendants.

## TWELFTH AFFIRMATIVE DEFENSE

### Statute of Limitations and Laches

Plaintiff's claims are barred in whole or part by statute of limitations and laches, including as the FTC unreasonably delayed bringing this action, causing prejudice.

## THIRTEENTH AFFIRMATIVE DEFENSE

### Lack of Personal Jurisdiction and Venue

The Court lacks personal jurisdiction over one or more Defendants, including any

Defendant as to whom the Complaint does not plead sufficient minimum contacts. Venue is improper or, at minimum, improper as to at least some Defendants and claims.

## FOURTEENTH AFFIRMATIVE DEFENSE

### Unconstitutionally Vague

On information and belief, the Complaint purports to hold Defendants liable for violations of legal requirements and statutes that are unconstitutionally vague.

## FIFTEENTH AFFIRMATIVE DEFENSE

### Lack of Requisite Knowledge

Plaintiff's claims for civil penalties are barred in whole or in part because Defendants did not have actual knowledge, or knowledge fairly implied on the basis of objective circumstances, that any act or practice at issue was unfair or deceptive or prohibited by ROSCA or any rule, as required by Section 5(m)(1)(A) of the FTC Act, 15 U.S.C. § 45(m)(1)(A).

## SIXTEENTH AFFIRMATIVE DEFENSE

### No Joint and Several Liability; Apportionment

Any monetary relief must be apportioned among Defendants and limited to the amounts, if any, that each Defendant individually received. Defendants may not be held jointly and severally liable for amounts received by other Defendants or by non-parties, including because there was no common enterprise.

## ADDITIONAL AFFIRMATIVE DEFENSES

Defendants hereby give notice that they intend to rely on any additional affirmative defenses that become available or apparent during discovery, and Defendants therefore reserve the right to amend this Answer to assert such affirmative defenses.

## DEFENDANTS' PRAYER FOR RELIEF

WHEREFORE, Defendants request that the Court enter judgment as follows:

 a. Dismissal of the Complaint with prejudice in its entirety;

 b. That Plaintiff takes nothing on its claims, and that judgment be entered against Plaintiff and in favor of Defendants;

KRONENBERGER ROSENFELD

c.  That Defendants be awarded costs as allowed by law; and

d.  For such other and further relief to which Defendants are entitled.

Respectfully Submitted,

DATED: July 30, 2026                **KRONENBERGER ROSENFELD, LLP**


By:   /s/ Karl S. Kronenberger
        Karl S. Kronenberger

Attorneys for Defendants Evertech Inc., Yolo Brothers Inc., Growthmind Labs Ltd, Gurudocs Ltd, AmoApp Inc., Olga Garbuzenko, Rostyslav Ivanitsa, Oksana Kucher, Iryna Oleksyn, and Viktoriia Savchuk